ACCEPTED
03-14-00012-CV
3703647
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/8/2015 4:20:48 PM
JEFFREY D. KYLE
CLERK

**NO. 03-14-00012-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/8/2015 4:20:48 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

STATE OFFICE OF RISK MANAGEMENT
*Appellant*

v.

KATINA A. EDWARDS
*Appellee*

On Appeal from the
53rd Judicial District Court of Travis County, Texas

**APPELLANT'S RESPONSE TO TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION
AMICUS CURIAE BRIEF**

J. Red Tripp
State Bar No. 00790257
Assistant General Counsel
State Office of Risk Management
P.O. Box 13777
Austin, Texas  78711-3777
(512) 936-1516
(512) 370-9189 fax
Red.Tripp@sorm.state.tx.us
Counsel for Appellant

**ORAL ARGUMENT REQUESTED**

1

# TABLE OF CONTENTS

Page

Table of Contents…………………………………………………………………………..2

Index of Authorities………………………………………………………………………3

Statement of Facts …………………………………………………………………………4

Response Issue Presented……………………………………………………………..6

      Response Issue I ……………………………………………………………….6

      The Texas Department of Insurance, Division of Workers' Compensation, deprived SORM of its due process rights to a fair hearing by erroneously placing the burden of proving that a compensable injury did not occur on SORM. A substantial evidence review is the proper standard because this case does not concern issues of compensability or indemnity benefits, but concerns the proper application of the burden of proof.

Certificate of Compliance…………………………………………………………………10

Certificate of Service………………………………………………………………………11

# INDEX OF AUTHORITIES

CASES

*Schaefer v. Texas Employers' Insurance Association*,
       612 S.W.2d 199  (Tex. 1980)………………………………………8, 9


STATUTES

Tex. Labor Code §410.255……………………………………………..8

## STATEMENT OF FACTS

Ms. Katina Edwards, Appellee, was employed as a Child Protective Services Specialist for approximately one month. (Tr. 20:9-10; Tr. 28:7-11).[1] On June 17, 2008, during a work related home visit she allegedly entered and remained inside the home of a client for 30-40 minutes. (Tr. 37:22-25-38:1). Edwards testified that she observed mold on the baseboards and ceiling of that home. (Tr. 20:19-21). Edwards sought medical treatment on June 25, 2008 and was diagnosed with an allergic reaction to mold. (Tr. 21:17-19; 22:9-10). Approximately two months later on August 22, 2008, Edwards was hospitalized with flu-like symptoms. (Tr. 22:18-24). The physicians at Ben Taub Hospital diagnosed her with hypersensitivity pneumonitis. (Tr. 23:6-10). A claim was filed with SORM alleging a work-related injury. No competent evidence was produced at the time of submission substantiating the claim. There was no evidence of any tests done of the air or surfaces where the alleged exposure occurred, nor at any other location in Edward's environment to support this workers' compensation claim. No competent medical opinions were submitted for review and consideration. The only medical evidence submitted for substantiation was a single paragraph reciting inaccurate facts and

_____

[1] Tr. as used in this brief designates the "Transcript" of the administrative contested case hearing held at the Texas Department of Insurance, Division of Workers' Compensation.

4

assumptions, without reference or citation to any medical based evidence. The claim was therefore denied.

The entirety of the medical evidence of causation offered is as follows:

> The patient has a lung biopsy and this showed hypersensitivity pneumonitis. This could definitely be caused by exposure to mold. Usually a patient would have been exposed previously before this occurs. And with her work history of working for Child Protective Services, I could see her being exposed previously. Then she went into a house with a large amount of mold, this could have set her off with the hypersensitivity pneumonitis as diagnosed by biopsy at Ben Taub [Hospital]. (AR: 72). [2]

On March 22, 2009, a DWC hearing officer presided over a Benefit Contested Case Hearing and, based on the evidence indicated above, determined that Appellee sustained a compensable injury in the form of an occupational disease, hypersensitivity pneumonitis, on June 17, 2008; and that the Appellee had disability resulting from a compensable injury from August 22, 2008 through the date of the contested case hearing.

Appellant appealed this determination citing legal error. On August 13, 2009, the DWC Appeals Panel allowed the determinations of the hearing officer to become final without issuing any further opinion.

---

[2] AR as used in this brief designates the "Administrative Record" of the Texas Department of Insurance, Division of Workers' Compensation.

**NO. 03-14-00012-CV**

---

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

---

STATE OFFICE OF RISK MANAGEMENT
*Appellant*

v.

KATINA A. EDWARDS
*Appellee*

---

On Appeal from the
53rd Judicial District Court of Travis County, Texas

---

**APPELLANT'S RESPONSE TO TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION
AMICUS CURIAE BRIEF**

---

TO THE HONORABLE JUSTICES OF THE TEXAS THIRD COURT OF APPEALS:

COMES NOW, Appellant, State Office of Risk Management, and files this its Response to Texas Department of Insurance, Division Of Workers' Compensation Amicus Curiae Brief, and would show as follows:

## RESPONSE ISSUE PRESENTED

The Texas Department of Insurance, Division of Workers' Compensation (DWC), deprived SORM of its due process rights to a fair hearing by erroneously placing on SORM the burden of proving that a compensable injury did not occur. A substantial evidence review is the proper standard because this case does not concern issues of compensability or indemnity benefits, but concerns the proper application of the burden of proof.

Appellant cannot more completely summarize the evidence offered to DWC at the administrative contested case hearing in this case than it has in the Statement of Facts. There is no dispute that burden was on the Appellee to prove that she sustained a compensable injury and disability as a result of a compensable injury. But in this case, notwithstanding that burden, the DWC determined that Appellee sustained a compensable injury of hypersensitivity pneumonitis on June 17, 2008 and resulting disability, despite the absence of legal and required evidence to prove any such injury.

Contrary to the argument in DWC's amicus brief, Appellant had no "burden of proving a lack of causation between the work activities and the injury" when Appellee had never offered any evidence to substantiate her burden. This position is directly illustrative of the matter at bar. Because Appellant is requesting a remand back to DWC only if this Court finds that the DWC did not properly apply the law in this claim, it is misleading for

7

DWC to argue that "injured workers would be stripped of their rights to a jury trial… in any case in which the carrier claims an error of law..." An injured worker would continue to maintain his or her right to a jury trial as the plaintiff in a case in which the Court determines that DWC misapplied the law and erroneously reversed the burden of proof, and remanded that claim back to DWC. A substantial evidence appeal under Tex. Labor Code §410.255 would fail if the Court determined that DWC did not misapply the law.

The "relief" DWC contends is available to Appellant is for Appellant to execute the overwhelming task of having to prove a negative - that the Appellee's work environment did not cause her injury - in a claim where the injured employee offered no evidence but prevailed at the administrative level due to mistake, indifference, or misapplication of law. DWC has offered no mechanism under which Appellant can obtain proper relief for this violation of due process afforded by law.

To the extent that DWC argues that the decision in *Schaefer v.Texas Employers Ins. Association*, 612 S.W.2d 199 (Tex. 1980) is how a case of this nature should proceed, Appellant wholeheartedly agrees. The Plaintiff in *Schaefer* was unable to meet his burden of proof at the administrative level and was, therefore, the Plaintiff in the *de novo* review of the

compensability issues before the District Court in the county of his residence. When Schaefer prevailed at the District Court without offering sufficient evidence of causation, the Appellate Court overturned the erroneous District Court finding on a substantial evidence review of the record. Never in the *Schaefer* case was the burden of proving a lack of causation between the work activities and the injury placed on the carrier. Consistent with the tenets of *Schaefer*, Appellant argues only that the Court should find that the burden of proof was improperly placed on Appellant and remand the case back to the DWC for a rehearing properly applying the burden of proof.

In response to other arguments raised by amici DWC, Appellant incorporates, in full, its arguments as put forth in its original brief on the merits and its reply brief.

Further, Appellant objects to the DWC's request for relief in any form. The DWC is an Amicus, not a party to this claim.

Respectfully submitted,


//s//  J. Red Tripp
J. Red Tripp
State Bar No. 00790257
Associate General Counsel
State Office of Risk Management
P.O. Box 13777
Austin, Texas  78711-3777
(512) 936-1516
(512) 370-9189 fax
Red.Tripp@sorm.state.tx.us
Counsel for Appellant


## CERTIFICATE OF COMPLIANCE

I hereby certify that per TRAP 9.4(i)(3) the Appellant's Reply Brief contains 1,536 words pursuant to the word count on the computer program used to prepare the document.

//s//  J. Red Tripp
J. Red Tripp

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Reply Brief was served via electronic service pursuant to the TRAP on the 8th day of January, 2015 to the following:

Bradley Dean McClellan
Of Counsel, Law Offices of Richard Pena
1701 Director's Blvd., Suite 110
Austin, Texas 78744
(512) 327-6884 office
(512) 694-8843 cell
(512) 327-8354 fax
brad.mcclellan@yahoo.com
*Attorney for Appellee*

Dennis M. McKinney
Assistant Attorney General
Office of the Attorney General
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, TX  78711-2548
(512) 475-4020 office
(512) 320-0167 fax
dennis.mckinney@texasattorneygeneral.gov

//s//  J. Red Tripp
J. Red Tripp